**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Deqing Chen, Appellant.

Appellate Case No. 2011-182587

———————————

Appeal From Beaufort County
D. Craig Brown, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-675
Submitted November 1, 2012 – Filed December 19, 2012

———————————

**AFFIRMED**

———————————

James Arthur Brown, Jr., of Law Offices of Jim Brown, P.A., of Beaufort, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General William M. Blitch, Jr., all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Beaufort, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Melton v. Olenik*, 379 S.C. 45, 50-54, 664 S.E.2d 487, 490-93 (Ct. App. 2008) (holding the appointment of a qualified interpreter lies within the trial court's discretion); S.C. Code Ann. § 17-1-50(A)(4) (2003) ("'Qualified interpreter' means a person who: (a) is eighteen years of age or older; (b) is not a family member of a party or a witness; (c) is not a person confined to an institution; and (d) has education, training, or experience that enables him to speak English and a foreign language fluently, and is readily able to interpret simultaneously and consecutively and to sight-translate documents from English into the language . . . ."); *Peoples Nat. Bank of Greenville v. Manos Bros., Inc.*, 226 S.C. 257, 280, 84 S.E.2d 857, 868 (1954) (overruled on other grounds) ("The qualifications of an interpreter depend much on the circumstances, and should be left for the determination of the trial court."); Rule 1, RPCCI, Rule 511, SCACR ("Interpreters shall render a complete and accurate interpretation, or sight translation, without altering, omitting or adding anything to what is stated or written, and without explanation or summarization."); Rule 3, RPCCI, Rule 511, SCACR ("Interpreters shall be impartial and unbiased and shall refrain from conduct that may give an appearance of bias.  Interpreters shall disclose any real or perceived conflict of interest."); Rule 3, RPCCI, Rule 511, SCACR, cmt. (instructing the existence of a potential conflict of interest "does not alone disqualify an interpreter from providing services as long as the interpreter is able to render services objectively").

**AFFIRMED.**[1]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.